JULIA L. BENTLEY, Appellant, v. M. W. TAYLOR, Appellee.*

1. **Landlord and Tenant:** LEASE: INTERPRETATION. An agreement for the lease of a storeroom, cellar and "warehouse in rear of building," "to be used as a boot and shoe store," was made while the building was in course of erection, and contained the following paragraph in writing : "Said first party also to put up two partitions across store room ; also one between said partitions ; * * * and said partitions to be painted white by said first party. The whole room to be put in good order for use of said second party." *Held*, that the phrase, "whole room," in the last sentence was to be construed as referring to the entire premises covered by the lease.

---

* The opinion on the former submission of this case was withdrawn by the court, and, therefore. is not published in these reports. It may be found in 39 N. W. Rep. 267.—REPORTER.]

2. ———: ———: COVENANT: BREACH: DAMAGES. The petition alleged, that, at the time plaintiff took possession, the cellar was insufficiently ventilated, wet and muddy, and that, by reason thereof, the storeroom was rendered damp and moldy, the plaintiff's goods damaged, and both cellar and storeroom made unfit for use as a boot and shoe store. *Held,* that the facts pleaded showed a breach of the express covenant above stated.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

THURSDAY, OCTOBER 23, 1890.

ACTION to recover damages for an alleged breach of the covenant of a lease. A demurrer to the petition was sustained, and plaintiff appeals. Upon the former submission, the judgment of the district court was affirmed. A rehearing having been granted, the case was resubmitted.

*Boies, Husted & Boies,* for appellant.

*Mullen & Hoff,* for appellee.

ON REHEARING.

GIVEN, J.—I. The questions discussed are whether the lease, which is made a part of the petition, contains

2. LANDLORD and tenant: lease : interpretation.

an express covenant that the demised premises should be fit and suitable for the purposes for which they were to be used ; and, if not, whether under the law such a covenant can be implied. The lease covers "the lower storeroom and cellar," also the "warehouse in rear of building." It was executed when the building was in course of construction, and is for the term of three years, "commencing on the tenth day of August, 1882, or as soon thereafter as same is completed, not exceeding September 15, 1882," the premises "to be used as a boot and shoe store," and for no other purpose. The lease is upon printed form, filled up in writing. The concluding paragraph is in writing, and as follows: "Said first

party also to put up two partitions across storeroom ; also one between said partitions ; partitions to be made of boards eight feet high, with proper doors for passage, and said partitions to be painted white by said first party. The whole room to be put in good order for use of said second party."

The contention is as to the construction of the last sentence, appellant claiming that the words, "whole room," mean the entire premises covered by the lease, and appellee claiming that it only refers to the storeroom. The definitions cited show that the word "room" has different meanings, such as, "Space in a building marked off or set apart by a partition." "Space which has been set apart or appropriated to any purpose." Webster. The sense in which the word is used must be determined from its connection, and the circumstances under which it is used. The sentence in which it is used is disconnected from what precedes it by a period. If the storeroom alone was meant, why not have so written it instead of "whole room" that may apply to all. It is a well-known fact that, in filling such blank forms, the agreements are not always as connectedly and plainly stated as when the instrument is written out at length. In construing the language employed, we must have in mind the purposes of the parties. It was manifestly the purpose of the plaintiff to get the premises fit for use as a boot and shoe store. It would be at least unusual that she should intend to lease premises, only part of which was to be put in good order for her use. It would require a clear expression to establish such an unusual agreement. As the defendant leased the premises to be used as a boot and shoe store, it is reasonable that he should intend that the entire premises should be in good order for that use. "The whole room" may mean the "space which has been set apart, or appropriated," by the lease, to the purpose of plaintiff's business. To say that these words were used in that sense is in harmony with their meaning, connection and the evident purpose of the parties, while, to say that they refer to the storeroom only is to hold that the parties made an

unusual, if not unreasonable, agreement, and expressed it in indefinite terms.

In the former opinion it was held that the words, the whole room," refer to the storeroom only. Upon a careful review of the matter, we are, for the reasons already stated, brought to a different conclusion. We think the lease, properly construed, contains an express covenant that the defendant would put the entire premises in good order for plaintiff's use as a boot and shoe store by September 15, 1882. It will be observed that this is not a covenant to keep the premises in good order in the future, but that they would be in good order for plaintiff's use at the time possession was given.

II. Our next inquiry is whether the petition alleges a breach of this express covenant. The covenant being as to the condition of the premises at the time possession was to be given, the question as to a breach turns upon their condition at that time. If the premises were then unfit, or less valuable, for plaintiff's use, or if they became so there- after from causes then existing, that would be a breach of the covenant; but if they became unfit, or less valu- able, for plaintiff's use, after she took possession, and from causes arising thereafter, that would not be a breach of the covenant. The allegations are that, at the time plaintiff took possession, the cellar was insuffi- ciently ventilated, wet and muddy, and that, by reason thereof, the storeroom was rendered damp and moldy, and plaintiff's goods damaged, and both cellar and storeroom made unfit for use as a boot and shoe store. Accepting these allegations as true, which we do, for the purpose of the demurrer, they clearly show a breach of the expressed covenant.

2. ——:——:
covenant:
breach:
damages.

This view of the case renders it unnecessary that we notice the question discussed as to an implied cove- nant. Something has been said in argument as to the measure of damages ; but, as that question was not raised by the demurrer, we are not called upon to con- sider it.

Our conclusion is that the judgment of the district court should be REVERSED.