### EASLEY TOWN COUNCIL v. PEGG.

1. LIQUORS—DISPENSARY LAW.—A TOWN ORDINANCE declaring all liquors contraband except those purchased from a State officer authorized to sell the same, is not inconsistent with the dispensary law.

2. IBID.—IBID.—The "storing and keeping in possession" of contraband liquors for any purpose, is a crime under the dispensary law.

3. EXCEPTIONS.—This Court will not consider facts stated only in exceptions.

4. LIQUORS—DISPENSARY LAW—WORDS AND PHRASES.—The terms "storing" and "keeping in possession," used in dispensary law, with reference to contraband liquors, involves the idea of continuity or habit.

Before ALDRICH, J., Pickens, November, 1900. Reversed.

Indictment by Easley Town Council against William Pegg and Isabella Pegg. From order of Circuit Court affirming judgment of conviction of William Pegg, he appeals.

*Messrs. Morgan & Blassingame,* for appellant, cite: *As to interpretation of statutes:* 49 S. C., 336.

*Messrs. Carey & McCullough,* contra (oral argument).

March 14, 1902.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The appellant, William Pegg, was tried before the intendant of the town of Easley and a jury for a violation of a town ordinance in relation to the storing and keeping in possession of spirituous liquors, and having been convicted and sentenced, appealed to the Court of General Sessions, which Court affirmed the judgment of the town court.

1. Appellant's first exception to the judgment of the Circuit Court is that there was error in holding that sec. 23 of the town ordinances of Easley was valid, when he should have held same void, because inconsistent with and contrary to the dispensary act in particulars which will hereinafter be noticed.   The act amending the charter of the town of Easley, approved December 26, 1885, 19 Stat., 420, gives the town council power to pass such ordinances as shall appear to them necessary and requisite for the security, welfare and convenience of the said town, provided that no fine shall exceed one hundred dollars and no imprisonment shall exceed thirty days; and provided such ordinance be not contrary to the laws of this State.   Sec. 23, art. I., of the ordinance in question, under a penalty of not less than one hundred dollars fine, or not less than thirty days imprisonment or labor on the streets, prohibits, among other things, the "storing and keeping possession within the town of Easley of any spirituous, &c., liquors, except as is now provided by law regulating the sale of liquors, etc., by dispensaries."   Art. II. of said section provides: "That all liquors, except when purchased by (of) a State officer authorized to sell same, are hereby declared to be contraband and subject to seizure by the marshal of the town, without warrant; and the person or persons who have or hold them in possession either on or about their premises, upon conviction shall be fined not less than twenty-five nor more than one hundred dollars, or suffer imprisonment for less than ten nor more than thirty days, or labor on the streets."   It is

contended that the ordinance is void, as contrary to the dispensary act, because the ordinance declares all liquors contraband except when purchased from a State officer. The dispensary act, as amended March 7, 1897, 22 Stat., 537, in sec. 1 declares: "All alcoholic liquors in this State, whether manufactured within this State or elsewhere, not having been tested by the chemist of the South Carolina College and found to be pure and free from poisonous, hurtful and deleterious matters, are hereby declared to be of a detrimental character, and their use and consumption are against the morals, good health and safety of the State, and all such liquors may be seized wherever found without a warrant and disposed of as hereinafter provided.". And in sec. 35 of the dispensary act of 1896, 22 Stat., 146, it is enacted that "all alcoholic liquors other than domestic wine which do not have on the packages in which they are contained the label and certificates going to show that they have been tested by the chemist and purchased from a State officer authorized to sell them, are hereby declared contraband, &c.". As under the dispensary law no State officer is authorized to sell liquors which have not been so tested and certified, the ordinance makes only such liquors contraband as are contraband under the dispensary act. There is, therefore, no inconsistency in the particular named. It is excepted that the ordinance is inconsistent with the dispensary act because it declares all persons guilty of a crime "who have or hold in possession either in or about their premises" such contraband liquor, whereas the dispensary act makes criminal the storing and keeping in possession of contraband liquor. We do not think the case made requires any consideration whether there is conflict between the ordinance and the statute. The intendant reported to the Circuit Court that the defendant was convicted "of storing and having in possession contraband whiskey in the town of Easley, in violation of the ordinances of said town," and the Circuit Court in the judgment rendered states that the defendant was tried before said intendant and a jury upon a charge of storing and keeping in

possession contraband spirituous liquors within the corporate limits of the town of Easley, in violation of an ordinance of said town, and no exception has been made to such statement. The defendant as it thus appears was tried for an offense under art. I., above stated, which is not inconsistent with the dispensary act in the particulars specified. This practically disposes of the specifications under the first exception.

II. It is excepted that the Circuit Court erred in not passing upon the validity of art. II., sec. 23, of said ordinance, and in not holding said article void for inconsistency with the dispensary law. Having found that the defendant was tried for violating art. I. of said section, it was not necessary that the Circuit Court should pass upon the validity of art. II. of said section.

III. The third exception imputes error in holding that having in possession liquor not purchased from a State officer, or without a certificate or permit, is in violation of the dispensary act and the ordinance in question when said liquor is contraband, when it should have been held that the mere having contraband whiskey in possession is not a crime; that to constitute a crime under the dispensary law and ordinance in question, the liquor must be contraband, must be stored and kept in possession, and the storing and keeping in possession must be for an unlawful purpose. The ordinance makes it an offense in the town of Easley to store and keep in possession liquors which are contraband under the dispensary act. The dispensary act, amended March 5, 1897, 22 Stat., 537, makes it a State offense to store and keep in possession liquors declared contraband in said act. It is not made essential to such offense that such contraband liquors be stored and kept in possession for an unlawful use. The offense is complete when there is a storing and keeping in possession of contraband liquors. Under the recent case of Lockhart *v.* Severance, deciding as to the effect of an equal division of this Court on a question before it, resulting in an affirmance of

the judgment of the Circuit Court, the case of *State* v. *Chastain,* 49 S. C., 171, is an authority on this point until it is overruled. It is true, that the cases of *State* v. *Holleyman,* 55 S. C., 207, and *State* v. *McGhee,* 55 S. C., 247, practically overrule State *v.* Chastain, *supra,* in so far as it may concern liquors imported for personal use. In this case, however, there is no question involving importation or interstate commerce. According to the evidence, the liquor found in defendant's possession was bought by him within the State, and the package containing it did not have on it any certificate, as required by the dispensary act.

IV. The fourth exception is as follows: "4. Because his Honor erred in overruling defendant's exception, to wit: 'Because his Honor (the intendant) erred in charging the jury that it was a crime to have in possession any quantity of whiskey unless same was purchased from a State officer or had a certificate upon it, and erred in holding that storing and keeping in possession was not limited as to time, stating to the jury at the same time that if a man should bring whiskey into his premises or had the same for ten minutes, that it was a crime—that is, if said whiskey was contraband,' when he should have held: First, that the intendant erred in charging the jury that having in possession of whiskey was a crime, unless purchased from a State officer or had a certificate upon it. Second, that the intendant erred in stating to the jury that storing and keeping in possession was not limited as to time, and that if a man should bring whiskey into his premises or has the same for ten minutes, it was a crime—that is, if whiskey was contraband." The case does not show that the intendant charged the jury as alleged in the exception, and, therefore, we are unable to say that the Circuit Court committed error in overruling the exception. It is well settled that this Court will not take notice of facts stated only in exceptions.

V. The fifth and last exception is as follows: "5. Because his Honor erred in sustaining the intendant in refusing to charge the defendant's fourth exception, to wit: 'Stor-

ing is the act of laying away, stocking or furnishing against a future time. Keeping possession of a thing is to have it habitually on hand.' " It appears that the intendant refused to charge the jury as requested, in the language above quoted, and that the Circuit Court overruled exceptions thereto; holding that the storing and keeping in possession of contraband liquor is a misdemeanor, without reference to the length of time said contraband liquor was stored and kept in possession, and that the storing need not be habitual nor for future use. We think the offense of storing and keeping in possession of contraband liquors involves more than the mere having in possession of such liquors. "Storing" means, as stated in the request, the laying away for future use; keeping in possession means to have habitually in possession. The Century dictionary gives among the definitions of "keep" the following: "8. To have habitually in stock or for sale. 9. To have habitually in attendance or use * * * 19. To maintain habitually." The offense of storing and keeping in possession contraband liquors involves the idea of continuity or habit. It may be that proof of having in possession any quantity of contraband liquor would be sufficient to convict of the offense if the circumstances were such as to induce a belief that the liquor was stored and kept in possession habitually. It was, therefore, error to overrule defendant's fourth exception to the intendant's refusal to charge as requested.

The judgment of the Circuit Court and of town council of Easley are reversed, and the case remanded for a new trial.

MESSRS. CHIEF JUSTICE McIVER *and* JUSTICE GARY *concur in the result.*