MICHAELS, Appellant, v. THE FIDELITY AND
CASUALTY COMPANY OF NEW YORK, Re-
spondent.

St. Louis Court of Appeals, October 22, 1907.

INSURANCE: Burglary Insurance: "Locked Storeroom." Where
an insurance policy provided that if the insured was the occu-
pant of an apartment house the policy would cover "goods locked
in a storeroom provided for the exclusive use of the assured" to
the extent of $50 only, this provision did not cover goods stored
in a laundry used by the insured for laundry purposes and for
cooking some articles of food.

Appeal from St. Louis City Circuit Court.—*Hon. Dan-
iel G. Taylor*, Judge.

REVERSED AND REMANDED.

*M. B. Jonas* and *Phillips W. Moss* for appellant.

(1)    There is included in the schedule description
in the policy of "an apartment or flat lower, located on
the first floor," to-wit, appellant's "dwelling house,"
all the privileges, easements and appurtenances in any
way belonging to the premises as incidental to the grant,
because not expressly reserved and excepted from his
lease.    The basement, "laundry room," was therefore
included in "an apartment or flat lower, located on the
first floor."    Taylor's Landlord and Tenant (8 Ed.), p.
212; Riddle v. Littlefield, 53 N. H. 503; Chase v. In-
surance Co., 20 N. Y. 52; Mason v. Commonwealth, 101
Ky. 397; Pitcher v. People, 16 Mich. 142; Quinn v. Peo-
ple, 11 Hun (N. Y.) 18 N. Y. 336.    (2)    When a pro-
vision in a policy of insurance emanating from the in-
surer, is capable of two meanings, that meaning is to
be adopted which is most favorable to the insured, and
doubts must be resolved in favor of the interpretation
of the assured, although intended otherwise by the in-
surer.    Renn v. Supreme Lodge, 83 Mo. App. 443; Hoff-

man v. Accident Indemnity Co., 56 Mo. App. 301; Hale v. Insurance Co., 46 Mo. App. 508; Cunningham v. Insurance Co., 82 Mo. App. 614.

*Jones, Jones, Hocker & Davis* for respondent.

(1) The court found as a fact that at the time of the taking, the goods were in a locked storeroom provided for the exclusive use of the plaintiff, and that he was only entitled to recover fifty dollars. There being ample evidence to support this finding, this court cannot go back of it, even if its own finding might be different. (2) When a jury is waived, and the cause is tried by the court, its finding has the conclusiveness of a verdict. Conrad v. Belt's Admr., 22 Mo. 166; Butler Co. v. Bank, 143 Mo. 13; Kirton v. Bull, 168 Mo. 622; Baumhoff v. Railroad, 171 Mo. 120; Warren v. Maloney, 39 Mo. App. 295.

BLAND, P. J.—House No. 3951 Pine street, in the city of St. Louis, is what is known as a flat house. It contains four flats, two on the first and two on the upper floor, each one of which is separated from all the others by unbroken walls. The building fronts south on Pine street and has a cellar or basement under the entire structure, with granitoid floor. The basement is partitioned off by open slat work into divers rooms. Four of these rooms are fitted up and used by the tenants for laundry rooms and were severally allotted to the four families occupying the building. We append hereto a plat or diagram of the basement.

Michaels v. Fidelity & Casualty Co.

W. Pine St.

Plaintiff occupied the west lower flat and the laundry on the west side of the basement was allotted to him. In this laundry was a stove. The laundry was used by plaintiff's family not only for laundry purposes but also for the making of preserves and for cooking such articles of food as required considerable time in their cooking. The door to this laundry was a slat door with an ordinary flat door lock and key. Vegetables and other articles of food were also stored in the laundry.

Defendant is a New York insurance corporation, and on June 7, 1904, in consideration of a premium of ten dollars paid, issued to plaintiff its policy of insurance insuring plaintiff against loss by "burglary, theft or larceny" of his and his family's wearing apparel, household goods and jewelry, in the sum of eight hundred dollars, for a period of one year. In July, 1904, plaintiff and his wife packed their winter clothing and some lace curtains in three trunks, locked them, and for want of room in the flat proper stored the trunks in the laundry. About August fifteenth following, some person or persons unknown entered the basement, forced the door to plaintiff's laundry, broke open the trunks and took, stole and carried away the wearing apparel of plaintiff and his wife and the window curtains, all valued by plaintiff at over nine hundred dollars. The stolen goods were never recovered. Plaintiff gave notice of the loss to defendant company and made proofs of loss as required by the stipulations in the policy. Defendant, relying upon clause C in the policy as limiting its liability, under the circumstances, to fifty dollars, offered to pay plaintiff that sum but no more. Plaintiff refused to accept the fifty dollars in discharge of the policy and brought this suit. Clause C is as follows:

"If the assured is the occupant of an apartment in an apartment or flat house this insurance covers goods in a locked store room provided for the exclusive

use of the assured by the landlord in the same house to the extent of fifty dollars and no more."

The issues were submitted to the court, sitting as a jury, who at the close of the evidence gave the following declaration of law at the instance of defendant:

"The court declares the law to be that if it finds from the evidence that the property mentioned in the testimony was burglariously taken, and that at the time of said taking the same was in a locked storeroom provided for the exclusive use of the assured by the landlord in the same house, then the plaintiff is only entitled to recover the value of said property to the extent of fifty dollars, and no more."

The court refused all declarations of law asked by plaintiff and rendered judgment in plaintiff's favor for only fifty dollars. Plaintiff appealed.

1.    The policy is a printed instrument with convenient blanks prepared and furnished by the company. Four printed pages of this instrument are devoted to exceptions to and limitations of the company's liability in case of loss. However, clause C is the only one of these limitations which it is claimed has any application to the facts in the case in hand. This clause clearly indicates that where a store room is provided in an apartment or flat house for the convenience and use of the tenant, the risk of loss by burglary and theft is thereby greatly increased; and the clause cannot be accounted for upon any other theory than that the company knew or believed this class of houses were ordinarily provided with store rooms and that professional burglars and thieves are cognizant of the fact and usually, on entering one of these houses for the purpose of theft, first try the store room in the expectation of finding stored therein valuable goods and wares of the tenant. The store room contemplated by clause C, we think, is a room in an apartment or flat house set apart and having conveniences such as shelves, hooks, etc., for storage purposes

and is not, for instance, a bedroom used by the tenant in part for storing his goods, nor is it a laundry used as was the one in question. If the clause included a bedroom or laundry room in which goods are stored, then the use of any room in the apartment or flat by the tenant to store his and his family's unused apparel, although the room is used for other purposes, if it had a lock door with a key, comes within the definition of store room, as the term is used in clause C, and plaintiff could have only secured the protection for which he paid the premium by inducing his landlord to remove the locks from the doors of all the rooms in his apartment in which he kept trunks, stored unused apparel and household goods. Clearly the clause has no such meaning and no such idea was in the minds of the parties when the contract of insurance was entered into, and we think the declaration of law given by the learned trial judge on behalf of defendant is clearly erroneous.

2. The declarations of law asked by plaintiff are in the nature of a charge, are comments on the evidence and were therefore properly refused. A plain, concise declaration of law. that defendant's liability is not limited by clause C of the policy, and declarations covering the issues in respect to the loss and the value of the goods stolen will comprehend all the issues made by plaintiff.

Judgment reversed and cause remanded. All concur.