7933

### STATE v. GREEN.

1. DISPENSARY LAW—LIQUORS.—The words in the liquor statute, "storing and keeping in possession," involve "the idea of continuity or habit," and this construction applies in prohibition as well as in dispensary counties.

2. IBID.—IBID.—It is error to instruct the jury that it is unlawful, in a prohibition county, to have liquor in possession, no matter in what quantities or for what purpose.

Before MEMMINGER, J., Sumter, July term, 1910. Reversed.

Indictment against Lloyd Green and Anna Henderson. Defendant, Green, appeals.

*Mr. C. Capers Smith,* for appellant, cites: *As to construction of dispensary law:* 63 S. C. 98.

*Solicitor P. H. Stoll,* contra.

July 1, 1911.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    The appellant was convicted on an indictment charging that he "did unlawfully accept, receive, store and keep in possession" alcoholic liquors contrary to the statute.    He admitted having liquor in his possession, but claimed that he had it only for his own personal use.    He requested the Court to charge the jury that the term "storing and keeping in possession" used in the statute involves the idea of continuity or habit.    The Court charged that that was correct under the old dispensary law, when the State engaged in the sale of liquors, and that it would be correct as applied to the law in any county in the State in which there is now a dispensary, but that, in a county which has no dispensary (such as Sumter, where the indictment is laid), the mere having liquor in possession, no matter for what purpose, nor how small a quantity it may be, is illegal.

We think his Honor erred in holding that the words "store and keep in possession" have a different meaning and construction in counties where the sale of liquor is prohibited from that which they have in counties where liquors are lawfully sold through dispensaries.    We find no warrant in reason or authority for such variable construction of a statute.    In *Easley* v. *Pegg,* 63 S. C. 102, 41 S. E. 18, it was held that "the offense of storing and keeping in possession contraband liquors involves the idea of continuity or habit."    The same construction and meaning must be given the same words, used in the act of 1909, as were given them in the act of 1897.

The Court also erred in charging that it was unlawful for one to have liquor in his possession in a prohibition county, no matter what quantity or for what purpose. *State* v. *Rookard,* 87 S. C. 442.

Reversed.