## 9429

## TOWN OF NEWBERRY v. DORRAH.

### (89 S. E. 402.)

INTOXICATING LIQUORS—"STORING AND KEEPING IN POSSESSION"—VIOLA-
TION OF ORDINANCE.—One who, receiving whiskey from an express
office, placed the liquor temporarily in a room in house of his
employer until he could get off at dinner and carry it to his own
house in another part of town did not thereby violate an ordinance
forbidding "storing" or "keeping" of liquor in another place than
his house or private room, although when leaving the liquor he
opened the package and took a drink.

Before WILSON, J., Newberry, March, 1916.    Reversed.

Harvey Dorrah was convicted before the recorder of
violating a liquor ordinance, and appealed to the Circuit
Court. From a judgment affirming judgment of the
recorder, defendant appeals.

*Mr. B. V. Chapman,* for appellant.

*Mr. Solicitor Cooper and Mr. J. B. Hunter,* for respond-
ent.

July 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The defendant was charged with violation of an ordi-
nance of the town of Newberry in illegally storing spirituous
or malt liquors other than in his home or private room. He
was arrested, tried, convicted, and sentenced by the recorder.
The case was appealed to the Circuit Court, and the judg-
ment of the lower Court was affirmed by his Honor, Judge
Wilson. Thereupon defendant appealed, and by five excep-
tions seeks reversal. The exceptions raise the point that
there was no evidence to sustain the conviction of the
offense charged.

The evidence showed that the defendant ordered the whiskey and went in person and received it from the express office; that he placed it in the wagon of his employer and drove to the house of his employer, placed it in the cook-room temporarily until he could get off at dinner and carry it to his house in another part of the town. He opened the case, took out a bottle, opened the bottle, and took a drink out of the bottle. There is not the slightest suggestion in the evidence that it was intended to be stored there longer than dinner time when the defendant intended to go to his own house and carry his liquor with him. There is no suggestion that the defendant was a violator of the law, or that the liquor was intended in any manner for unlawful purposes, but the sole contention is that the law was violated when he placed it at the place other than his house or private room. Under the evidence in the case there was no violation of law. It was no more than if he had placed it in a wagon, buggy, or automobile and stopped to finish his work at his employer's house until dinner hour, when he would quit for dinner and carry it home. It was no more storing in the eyes of the law than if one goes to the express office, gets his liquor, lives some distance from town, stops at a store to purchase goods, leaves his package there with intent to return and get it and carry it home, and goes out to attend to business elsewhere, his bank or lawyers, etc. Even if he did open it and take a drink, it was not a violation of law, and not sufficient to establish the fact of storing. There is quite a difference in storing an article and temporarily placing it in a place. To allow a conviction to stand under the evidence in this case would be to strain the law and violate the spirit of it, and set back and retard the enforcement of the law that was striking at the unlawful use of intoxicating liquors. Instead of a furtherance of the enforcement of law, it would have the opposite effect. There is not in the case a suggestion or a suspicion that the defendant was a violator of the law. He ordered a gallon

of liquor as the law allowed him to do.    He went in person to the express office and received it..   He did not carry it directly home, but, being a servant, employed as such, he stopped at his employer's house to do his work until dinner, when he could go home, and intended to carry there his liquor.    He temporarily placed it in the cookroom of his employer, and by so doing in no manner violated the intention of the law in such cause made and provided, and to make him pay $50 or serve 30 days on the public works under such a state of facts would be a great hardship and intolerable wrong.    The law is intended to punish violators of it and wrongdoers.    The defendant has not even technically violated the ordinance under which he is charged. Mr. Justice Jones, in *Easley* v.. *Pegg,* 63 S. C. 103, 41 S. E. 18, defines what the terms "storing" and "keeping" in possession means, and the evidence in this case does not bring it within the terms of this definition.

The exceptions are sustained, and judgment reversed.