### 9710

#### STATE v. BURNS *ET AL.*

(92 S. E. 1033.)

1. CRIMINAL LAW—CREDIBILITY OF WITNESSES—DETECTIVES.—Credibility of detectives as witnesses is for the jury and the trial Court.

2. WITNESSES—COMPETENCY OF DETECTIVE'S TESTIMONY.—A detective's testimony in a criminal prosecution is competent.

3. CRIMINAL LAW—INSTRUCTIONS.—In a prosecution for storing contraband liquors which were kept in defendant's barn, instructions that it was unlawful to store and keep in possession contraband liquors was sufficient in absence of any request to charge.

Before MOORE, J., Greenville, October, 1916. Affirmed.

I. P. Burns and others were convicted of violating the liquor laws, and appeal.

*Mr. H. P. Burbage,* for appellant, cites: 68 S. C. 98.

*Mr. Solicitor J. Robert Martin,* for the respondent.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The three defendants, Burns, Collins and Knight, were charged in one bill of indictment with: (1) Selling alcoholic liquors; (2) maintaining a place where alcoholic liquors were sold which amounted to a nuisance, and (3) storing alcoholic liquors.

The jury found Burns guilty on all three counts and Collins and Knight guilty on the first count, and judgment was pronounced. The defendants appeal, and make eight exceptions; but their counsel has argued only two questions, and we shall consider none other.

1. We are asked in the printed argument to "scrutinize the testimony" of certain witnesses for the State, and to reject it, because it is "hired detective testimony, * * * always dangerous and obnoxious to the traditions, institutions and laws of a great Anglo-Saxon race." The credibility of witnesses is for the jury and the trial Court. A detective's testimony is, of course, competent, and verdicts are rendered upon it every day.

2. We are asked to hold that the Court ought to have charged "all the law," and especially that stated in *Easley* v

*Pegg,* 63 S. C. 98, 41 S. E. 18. The Court was not requested to state any particular view of the law; the Court did charge the jury that it was unlawful to store and keep in possession contraband liquors. That was a sufficient statement of the law in the absence of a request to differentiate. The testimony tends to show that the stable where the sales were alleged to have been made was used to keep the liquors in store, and it was Burns' stable, and Burns alone was found guilty of storing.

The judgment of the Circuit Court is affirmed.