## 9927

## STATE v. BRADLEY.

(96 S. E. 142.)

1. STATUTE—SUBJECTS AND TITLES—INTOXICATING LIQUOR.—Provisions of Act Feb. 20, 1915 (29 St. at Large, p. 141), sec. 5, making it unlawful for intoxicating liquors to be kept in any place of business or clubroom or house, and allowing liquors permitted to be imported to be kept in the private home of the person ordering them, are sufficiently germane to the act to be within its title of "An Act to regulate the shipment of spirituous, vinous, fermented or malt liquors into the State."

2. INTOXICATING LIQUORS—ILLEGAL POSSESSION—EVIDENCE—ADMISSIBILITY.—In prosecution for having unlawful possession of intoxicating liquors, the agent of the express company could testify as to the dates on, and amounts in, which accused received liquors.

3. INTOXICATING LIQUORS—ILLEGAL POSSESSION—QUESTION FOR JURY.— In such prosecution, *held* jury question whether accused received whiskey by express and used it unlawfully in her restaurant, or whether it had been given her and was being kept temporarily in the restaurant until she could take it home.

4. INTOXICATING LIQUORS—UNLAWFUL POSSESSION—STATUTES—CONSTRUCTION.—Since Act Feb. 20, 1915, absolutely prohibits keeping intoxicating liquors, a further reference in section 5 thereof to liquors allowed to be imported does. not modify the previous prohibition, and it is immaterial whether the liquors unlawfully kept are imported.

5. CRIMINAL LAW—JUDICIAL NOTICE—INTOXICATING LIQUORS.—It being a matter of common knowledge that whiskey is an intoxicating liquor, and that liquors containing no more than 1 per cent. of alcohol are not intoxicating, it need not be shown that the whiskey found in defendant's place of business contained more than 1 per cent. of alcohol in order to secure conviction under Act Feb. 20, 1915.

6. CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTION.—In prosecution under Act Feb. 20, 1915, sec. 5, for keeping liquor in a place of business, instruction that if defendant had liquor stored which was imported, she was guilty, though erroneous in part, was harmless, because too favorable to defendant.

7. INTOXICATING LIQUORS—ILLEGAL POSSESSION—ELEMENTS OF OFFENSE.— "STORING."—If accused had liquor in her restaurant, merely keeping it there until she should go home in order to give it to her sick

mother, she was not guilty of storing liquor under Act Feb. 20, 1915, since "storing" is the act of laying away against a future time, and involves the idea of continuity or habit.

Before Rice, J., Aiken, Summer term, 1917. Reversed.

Josephine Bradley was convicted of violating the act to regulate shipment of intoxicating liquors into the State, and she appeals.

*Mr. J. O. Patterson, Jr.,* for appellant, cites: *As to unconstitutionality of the act of 1915,· regulating the shipment of spirituous, vinous, fermented or malt liquors or beverages into this State:* Art. VIII, sec. 11 of the Constitution of South Carolina, 1895, and art. III, section 17 of same instrument. *As to failure of the presiding Judge in not charging defendant's request, to wit: "Storing is an act of laying away or furnishing against a future time. Keeping possession of a thing is to have it habitually on hand. The offense of storing and keeping in possession contraband liquor involves the idea of continuity or habit."* 89 S. C. 132; 63 S. C. 103. *As to failure of presiding Judge to charge defendant's second request: "That the act of 1909 (26 Statute, page 60) construed to mean it would be a misdemeanor to keep in possession liquor which has been unlawfully obtained, or to keep in possession for sale or some unlawful use, liquor lawfully obtained, but not to forbid keeping in possession for a lawful purpose, liquor lawfully obtained."* 87 S. C. 442.

· *Mr. Solicitor Gunter,* for the State-respondent, cites: *As to the constitutionality of the act of 1915:* 106 S. C. 102; 80 S. C. 334.

March 19, 1918.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendant appeals from sentence on conviction for violation of section 5 of the act of 1915 (29 Stat. 140) entitled:

"An act to regulate the shipment of spirituous, vinous, fermented or malt liquors or beverages into this State, and to provide penalties for the violation of this act."

Section 5 reads:

"It shall be unlawful for any intoxicating liquors or beverages to be stored or kept in any place of business or clubroom or house in this State, whether for personal use or otherwise, and the liquors or beverages herein allowed to be imported, if stored, must be stored in the home or private room of the person or persons so ordering."

Defendant demurred to the indictment on eight grounds, alleging that the act violates as many provisions of the State and Federal Constitutions. The demurrer was overruled, and the grounds thereof have been renewed by the exceptions. Only one of these grounds requires decision, since all the others were considered and decided adversely to the contention of appellant in *Brennen v. Southern Express Co.,* 106 S. C. 102, 90 S. E. 402.

The ground of demurrer which was not considered in that case is that the act violates that provision of the State Constitution (article III, section 17) which provides that every act shall relate to but one subject, which shall be expressed in the title. It is too plain to admit of doubt, or to require discussion, that the provisions of the act are germane to the subject expressed in the title thereof. That is all that is necessary, as will be seen by reference to any one of the many decisions of this Court on that subject. The undisputed evidence shows that defendant kept a restaurant in which the officers of the law who searched her place, on May 20, 1916, found some whiskey in a pitcher on a table, and some in a glass in a safe. Defendant admitted these facts, but testified that the whiskey

was given to her for her sick mother by a guest of the restaurant, who had taken a drink of whiskey out of the glass found in the safe. She also admitted that she had received by express one gallon of whiskey on April 27th, and one gallon on May 15. The agent of the express company testified that she received one gallon of whiskey on May 16th, possibly the same shipment that she testified to as of the 15th.

Defendant excepts to the ruling admitting the testimony of the agent of the express company, on the ground that it was prejudicial, because, under the law, she had the right to import one gallon a month for her own use, while the testimony of the agent tended to show that she was trafficking in liquor. We fail to see any force in this contention. The testimony was clearly competent, because it tended to prove that defendant had received whiskey which she could have used unlawfully in her restaurant. It was for the jury to decide whether she so used it or not, and also whether the whiskey found in the pitcher and glass had been given to defendant, as she testified, or whether it was some that she had received by express and was keeping there in violation of the law. Besides, she had already testified herself that she had received a gallon from the express company on May 15th, and her own testimony was susceptible of the same inference as that of the agent. Defendant further excepts because the Court refused to direct a verdict of acquittal on the ground that there was no evidence that the whiskey found in the restaurant was imported, or that it contained more than one per cent. of alcohol, or that it was kept there for an unlawful purpose. There was no error in the ruling.

The statute prohibits the storing or keeping of any intoxicating liquors (whether imported or other) "in any place of business or clubroom or house," whether for personal or other use, except in the home or private room of the owner. The reference in the last sentence of section 5 to "liquors or beverages herein allowed to be

imported" does not modify the previous prohibition, or limit it to liquors that have not been imported. The language used warrants no such construction, and the reason of the prohibition is squarely against it. Therefore, it makes.no difference whether the whiskey was imported or not; nor does it make any difference for what purpose it was stored or kept there, if it was stored or kept there in violation of the statute, since the statute prohibits its being stored or kept in such places for any purpose. As to the other ground it is a matter of common knowledge that whiskey is an intoxicating liquor, and that liquors containing no more than 1 per cent. of alcohol are not intoxicating, and that that is why the prohibition of the statute does not extend to liquors containing 1 per cent. or less of alcohol.

Defendant requests the Court to instruct the jury that:

" 'Storing' is the act of laying away or furnishing against a future time. Keeping possession of a thing is to have it habitually on hand. The offense of storing or keeping in possession liquors involves the idea of continuity or habit."

The Court refused the request, and instructed the jury that if defendant had liquor in her restaurant which was imported into the State she was guilty. We have already seen that it makes no difference whether the liquor was imported or not, and, therefore, although that part of the instruction was erroneous it was harmless, because it was too favorable to defendant.

But the remainder of the instruction given and the refusal of the requested instruction were errors that might have been prejudicial to defendant according to the view which the jury took of the testimony. If the jury believed defendant's testimony explaining how the liquor came to be in the pitcher and glass, she should have been acquitted, because that was not such storing or keeping of liquor in the restaurant as comes within the letter or spirit of the statute. In *Newberry v. Dorrah,* 105 S. C. 28, 89 S.

E. 402, it was held that one who received a package of liquor from an express company and carried it to the house of his employer, where he was at work, and put it in the cookroom temporarily, until he could get off at noontime and take it to his own house in another part of town, was not guilty of violating an ordinance which prohibited the "storing or keeping" of liquor in any place other than the home or private room of the owner. The Court there reaffirmed the definition of the words "storing" and "keeping" given in *Easley v Pegg,* 63 S. C. 103, 41 S. E. 18, and *State v. Green,* 89 S. C. 132, 71 S. E. 847, which is embodied in the instruction requested. There is no reason why these words in the act of 1915 should have a different interpretation from that given in former acts on the same subject. The Court should have instructed the jury as requested, and left it to them to decide whether the liquor was kept there only for a reasonably short time until defendant could get an opportunity to carry or send it to her mother, or whether it was "kept" there within the meaning of the statute, the purpose and intent of which are too obvious to require further explanation.

Judgment reversed.