STATE v. CAMPBELL

(140 S. E., 97)

CRIMINAL LAW—CHARGE ON UNLAWFUL STORING OF INTOXICATING LIQUORS
HELD INSUFFICIENT, AS NOT FURTHER DEFINING "STORING" AS LAY-
ING AWAY FOR FUTURE USE.—In prosecution for storing and pos-
sessing intoxicating liquors for unlawful use, charge that "storing"
involved idea of having it on hand for some length of time *held*
error, as not further defining "storing" to mean the laying away
for future use.

Before TOWNSEND, J., Clarendon, September, 1925. Re-
versed and remanded.

Alice Richards Campbell was convicted of storing and
keeping in her posssession for unlawful use intoxicating
liquors, and she appeals.

*Messrs. Lee & Moise,* for appellant, cite: *Burden on state
to prove guilt beyond a reasonable doubt:* 130 S. C., 641; 33
C. J., 756, Sec. 499; 107 S. E., 228. *As to whether liquor
acquired in an unlawful manner or not is a question of fact
for jury:* 79 S. E., 891. *Lawful acquirement of liquor:* Sec.
882, Cr. Code. *Error not to charge as to this fact:* 107 S.
C., 408. *"Storing":* 41 S. E., 18; 96 S. E., 142; 89 S. C.,
132; 87 S. C., 442.

*Mr. F. A. McLeod, Solicitor,* for respondent.

October 27, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant, Alice Richards, alias Alice Richards Campbell, was indicted by the grand jury of Clarendon County for violation of the prohibition law. The counts, submitted to the jury, charged (1) that she received and accepted for unlawful use alcoholic liquors; and (2) that she stored and kept in her possession for unlawful use certain alcoholic liquors. She was convicted on the second count only. From her conviction and sentence she has appealed to this Court.

There are five exceptions. We deem it necessary to consider only the fifth of these, which was allowed as an amendment by the order of this Court, with the consent of the attorneys for the State. The fifth exception complains of error on the part of his Honor, Judge Townsend, the presiding Judge, in the definition he gave to the jury of the offense of "storing." The particular language complained of was as follows:

"If the evidence satisfies you beyond a reasonable doubt that she stored or kept them in her possession for some continous period of time, you will find her guilty on the second count."

In addition to the instruction pointed out, we find that the Circuit Judge made this statement to the jury:

"Storing involves the idea of having it on hand for some length of time, whereas receiving, accepting, and having in possession may be for only a moment of time."

We do not find anything else in the charge concerning the question of "storing." The appellant insists that the instructions of the trial Judge did not go far enough, and that the jury should have been charged in addition:

"That storing is the laying away for future use, stocking or furnishing against a future time, and involves more than the mere having in possession of such liquor."

On the authority of *Easley Town Council v. Pegg,* 63 S. C., 98; 41 S. E., 18, *State v. Green,* 89 S. C., 132; 71 S. E., 847, *Newberry v. Dorrah,* 105 S. C., 28; 89 S. E., 402, and *State v. Bradley,* 109 S. C., 411; 96 S. E., 142, it was held by this Court, Mr. Justice Marion writing the opinion:

"It may be conceded, therefore, that the 'storing and keeping in possession' of contraband liquor 'involves more than the mere having in possession of such liquors,' and that 'storing' means *'the laying away for future use,'* and that 'keeping in possession' means 'to have habitually in possession.' " *State v. Burns,* 133 S. C., 238; 130 S. E., 641.    (Italics added.)

Under the authorities mentioned, it is apparent that there was error in the charge.

The judgment of this Court is that the judgment below be reversed, and the case be remanded for a new trial.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Stabler and Carter concur.