14308

**STATE v. LEWIS**

(186 S. E., 375)

March, 1936.

*Messrs. McEachin & Townsend,* for appellant,

*Mr. G. Lloyd Ford,* Solicitor, for the State.

June 9, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The defendant Lewis was brought to trial for violation of an Act passed in 1935 (Act May 14, 1935, 39 Stat. at Large, 325), to legalize and regulate the manufacture, sale, possession, etc., of alcoholic liquors. It was charged in the first count of the indictment that the defendant "did wilfully and unlawfully have in his possession alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof, against the form of the statute," etc.; and in the second, that he "did wilfully and unlawfully store and keep in his possession alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof, against the form of the statute," etc. To these counts he pleaded guilty, and the trial Judge sentenced him to imprisonment for a period of six months and to pay a fine of $100.00, the payment of the fine to be suspended upon the service of the six months.

The contention made by the appeal is that the sentence is in excess of that provided by the statute, as the wording of the two counts brings them both specifically under Section 11, which provides for a much lighter penalty than that actually imposed by the Court.

The Act in question (Section 17) provides "that any alcoholic liquors found in the possession of any one within this State not having affixed to the bottle or container the stamps required in this Act, as hereinabove provided, are hereby declared to be contraband," etc. Section 11 makes

it unlawful to purchase alcoholic liquors other than from a licensed dealer; and provides that "any persons found in possession of any bottle or other package containing alcoholic liquor without having affixed the revenue stamps thereto, as required by this Act, either or both, shall be guilty of a misdemeanor and, upon conviction, for the first offense shall be fined not less than Fifty ($50.00) Dollars, nor more than Two Hundred ($200.00) Dollars, or imprisoned not less than fifteen (15) days nor more than thirty (30) days." It is clear that the charge in the first count of the indictment was made under this section of the Act, and if the defendant had pleaded guilty only to that count, the punishment would have been as provided for the offense named. There is no contention about this.

The appellant argues, however, that the wording of the second count is a mere elaboration of the first; but we do not think so. When its sufficiency, under the provisions of the Act, is tested by its own allegations, it appears certain that it charges a different offense, for which a different punishment is provided. Section 18 of the statute provides that "storing and keeping in possession within this State of any alcoholic liquor as herein defined, except as is provided in this Act, is hereby prohibited under penalty of not less than three (3) months nor more than two (2) years at hard labor in the State Penitentiary, or pay a fine of not less than One Hundred ($100.00) Dollars, nor more than Five Thousand ($5,000.00) Dollars, or both fine and imprisonment, in the discretion of the Court, for each offense, except in cases where other punishment is provided in this Act."

This Court has held that "the offense of storing and keeping in possession of contraband liquors involves more than the mere having in possession of such liquors." *Easley Town Council v. Pegg,* 63 S. C., 98, 41 S. E., 18, 19. As is seen, the Act before us (Section 17) provides when alcoholic liquors, as defined in the statute, are

declared to be contraband; and what punishment (Section 11) may be imposed upon a person who is found in the mere possession of such liquors. The Legislature, however, went further and prohibited (Section 18) the "storing and keeping in possession" by any one of alcoholic liquors, except as provided in the Act, and imposed a much heavier penalty for such offense. It is agreed that the statute does not permit, under any circumstances, the storing and keeping in possession of contraband liquors. The averments in the second count of the indictment, that the defendant did unlawfully store and keep in his possession certain alcoholic liquors that did not have revenue stamps attached to the containers, was merely a charge that he did store and keep in his possession contraband liquors, a thing prohibited by the Act. The defendant could not have possibly been confused or misled, as is claimed, by the wording of the count, as the language used constituted a statement of alleged facts which gave him full information of the nature and cause of the accusation. The trial Judge, therefore, under the plea of guilty on the second count, committed no error in sentencing the defendant under Section 18 of the statute.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.