SHIRLEY BOOTH GARDNER, Plaintiff, *v.* ROOSEVELT HOTEL, INC., and PLAZA SERVICE CO., INC., Defendants.[*]

City Court of New York, Trial Term. New York County. December 6, 1940.

*Seligman & Seligman*, for the plaintiff.

*MacPeak, Flatow & Abramowitz*, for the defendants.

[*] Revd., 176 Misc. ——.

BYRNES, J. The defendants move to set aside a verdict on the grounds specified in section 549 of the Civil Practice Act.

The facts are as follows: On January 8, 1940, the plaintiff, attending a function at the Hotel Roosevelt, upon reaching the mezzanine floor was invited to check her mink coat, and, after doing so, she received from one of the attendants a coat check. The checking facilities were located on the mezzanine floor and consisted of movable racks, placed in an enlarged open space in front of the elevators. In front of and on one side of the space, set apart, were placed tables, and on the other side unused racks. This passageway leads to and from four stairways and rooms situated on the mezzanine floor.

On the evening of the same day the plaintiff presented her check and demanded her mink coat. The coat was never returned. The plaintiff now seeks to recover the value of the coat, and the defendants resist on the ground that their liability is limited by section 201 of the General Business Law.

Section 201 of the General Business Law provides in part: " As to property deposited by guests or patrons in the parcel or check room of any hotel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted the proprietor shall not be liable beyond seventy-five dollars, unless said value in excess of seventy-five dollars shall be stated upon delivery and a written receipt stating such value, shall be issued." At common law an innkeeper was absolutely liable as an insurer of the property of his guests unless such loss was occasioned by the neglect or misconduct of the guest. (*Davidson* v. *Madison Corp.*, 257 N. Y. 120; *Hulett* v. *Swift*, 33 id. 571.) It is a legal axiom that statutes in derogation of the common law must be strictly construed. (*Briggs* v. *Todd*, 28 Misc. 208.)

The question is then posed as to whether or not the temporary checking facilities as constituted on January eighth on the mezzanine floor were within the interpretation of the statute a check room. What was the legislative intent when it used the word " check room " in section 201?

When the intention of the Legislature is clearly apparent from a reading of the statute, then there is no need for construction. In the absence of anything in the context of the statute to the contrary words are to be taken as understood in their ordinary and popular sense.

A room is defined in Funk & Wagnall's Standard Dictionary as " a space for occupancy or use enclosed on all sides, as in a building; an apartment; frequently named for the use to which it is put, as bed room, engine room, tool room."

The reported cases in this jurisdiction offer little help with respect to the interpretation to be placed upon the word " check room." In *Michaels* v. *Fidelity & Casualty Co. of N. Y.* (128 Mo. App. 18; 105 S. W. 783) the court stated: " The store room * * * is a room in an apartment or flat house set apart and having conveniences such as shelves, hooks, etc., for storage purposes, and is not, for instance, a bedroom used by the tenant in part for storing his goods." Again, in *Strell* v. *Zisman* (5 N. J. Misc. 427; 136 A. 801) the question arose as to whether the screened off portion of a store used by the owner for sleeping quarters constituted a *room*. The court said: " The sleeping quarters, screened from the gaze of customers in the store, did not rise to the dignity of a room. It was a mere insert in the store." In *Featherstone* v. *Dessert* (173 Wash. 264; 22 P. [2d] 1050), an almost analogous situation presented itself. The court in construing a statute similar to section 200 of the General Business Law stated: " But it is hardly necessary to resort to lexicography to determine the meaning of the word [room]. It is one of daily use and has a well defined signification. Whatever it may denote with reference to a building it is commonly and popularly applied to something other than a mere hallway, passageway or entrance to an elevator."

The court is of the opinion that the Legislature in the use of the words " check room " intended those words in their popular sense, because if it had not so intended it might have readily included and added, " or other checking space."

The court held as a matter of law that the checking facilities provided by the defendants did not constitute a check room within the meaning of the statute, and that the provision of section 201 of the General Business Law with respect to the limitation of liability did not apply. The court directed a verdict in favor of the plaintiff and submitted to the jury the question only as to the value of the coat.

The motion to set aside is denied, with an appropriate exception to the defendants.

Thirty days' stay. Sixty days to make a case.