## HOME INS. CO. OF NEW YORK v. KIRKEVOLD.
### No. 11376.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1947.

Rehearing Denied May 6, 1947.

Velikanje & Velikanje, E. F. Velikanje, E. B. Velikanje, and S. P. Velikanje, all of Yakima, Wash., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, a citizen of Washington, brought an action against appellant, a New York corporation, for $22,495 on a policy of insurance issued to appellee by appellant. The action was commenced in a State court of Washington, but, on petition of appellant, was removed from that court to the District Court of the United States for the Eastern District of Washington. There appellant answered, appellee replied, jury trial was waived, there was a trial by the court, findings of fact and conclusions of law were stated, and judgment was entered in favor of appellee for $19,086.45. From that judgment this appeal is prosecuted.

At all pertinent times, appellee was engaged in the business of buying, selling, storing, cleaning, repairing, altering and remodeling furs and garments trimmed with fur. He conducted his business in a department store operated by Barnes-Woodin Company[1] in a building, hereafter called the Barnes-Woodin building, at 301 East Yakima Avenue, Yakima, Washington. The Barnes-Woodin building comprised a basement, a ground floor, a mezzanine floor and, above that, a floor called the second floor. Appellee conducted his business on the mezzanine floor and the second floor.

Appellant's policy No. FC 1824 was issued to appellee on September 1, 1942, and was in force at all pertinent times thereafter. It provided as follows:

"This policy only covers Furs, or garments trimmed with Fur, being the property of customers, accepted by the Assured [appellee] for storage, alterations, repairing, cleaning or remodeling and for which the Assured issues a receipt under which the Assured agrees to effect insurance on the property, but excluding any stock belonging to the Assured or to any subsidiaries or affiliates of the Assured.

Cheney, Hutcheson & Gavin, Elwood Hutcheson, John Gavin and Walter J. Robinson, Jr., all of Yakima, Wash., for appellant.

---

[1] Appellee did business as Barnes-Woodin Fur Department.

"This policy covers during transportation or otherwise while the property is in the custody or control of the Assured for alteration, repairing, cleaning, remodeling, or preparation for storage or for return to customers; and while in storage rooms, vaults or safes at locations hereinafter described.

"This policy insures: Against all risks of loss or damage to the insured property including the Assured's legal liability therefor, except as hereinafter provided. * * *

"This Company [appellant] shall not be liable hereunder for more than the amount stipulated in the Assured's receipt as applying to each respective article, whether on account of the Assured's legal liability or otherwise, nor in any event for more than the cost to repair or replace the article with materials of like kind and quality, provided always that this Company shall not be liable in any one casualty for more than the limit of liability as stated below for the location at which such casualty occurs:

which he agreed to effect insurance on said articles. Some of said articles were on the mezzanine floor, and some were on the second floor of the Barnes-Woodin building. Those on the mezzanine floor were destroyed by fire on May 9, 1944. Those on the second floor were not destroyed or damaged.

Appellee's receipts for the destroyed articles stipulated amounts aggregating more than $10,000. To replace the destroyed articles with materials of like kind and quality would have cost more than $10,000. For some of the destroyed articles, appellee had certifications of insurance, on forms approved by appellant, for amounts exceeding those stipulated in the receipts for such articles. Such certifications had been issued to Clara Harbin, Mrs. William McClure, Mabel Miller Ray, Dorothy Riggs, Mabel G. Smith and others.

A proof of loss dated August 18, 1944, was submitted to appellant by appellee on August 21, 1944. Thereby appellee claimed that there was due him under the policy

## LIMITS OF LIABILITY

| In storage rooms, vaults and safes | Outside of storage rooms, vaults and safes | LOCATIONS |
|---|---|---|
| $100,000.00 | $10,000.00 | at 301 E. Yakima Avenue, Yakima, Washington |
| $ | $ | at |
| $ | $ | at |

nor for more than $5,000.00 while at any other location not used by the Assured for storage, nor for more than $5,000.00 while in transit."

A rider attached to and made part of the policy on September 1, 1942, provided: "This policy is extended to cover during transportation or otherwise such Furs or garments trimmed with Fur, the property of customers, for which the Assured has a certification of Insurance, on form approved by this Company."

On May 9, 1944, at the location described in the policy, appellee had in his custody and control furs and garments trimmed with fur, the property of his customers, which he had accepted for storage, alterations, repairing, cleaning or remodeling, and for which he had isssued receipts under

$29,785 and requested payment thereof. Appellant paid appellee $8,200. Thereafter, on May 10, 1945, appellee commenced this action, claiming that, prior to the payment of the $8,200, the amount due him under the policy was $30,695,[2] and that the amount due him after crediting the payment was $22,495. He prayed judgment for that amount, with interest from May 9, 1944.

The complaint alleged that the destroyed articles were in storage rooms of appellee when destroyed. The answer denied this allegation. The District Court found that 75% of the destroyed articles were in a storage room of appellee when destroyed.

---

[2] Instead of the $29,785 claimed in the proof of loss.

This finding is challenged by appellant and is clearly erroneous. The evidence shows that none of the destroyed articles was in a storage room when destroyed.

■ Appellee's storage room—the only one he had—was on the second floor of the Barnes-Woodin building. The destroyed articles were not on the second floor, but were on the mezzanine floor of the Barnes-Woodin building when destroyed. The mezzanine floor was not, nor was any part thereof, a storage room, within the meaning of the policy.

A part of the mezzanine floor was used by appellee in cleaning, repairing, altering and remodeling furs and garments trimmed with fur. In his testimony, appellee called that part of the mezzanine floor a work room. A part of the mezzanine floor was occupied by racks on which appellee hung furs and garments trimmed with fur which had been or were to be cleaned, repaired, altered or remodeled.[3] In his testimony, appellee called that part of the mezzanine floor a storage room. Actually, the part which he called a work room and the part which he called a storage room were one and the same room, there being no door or partition between them; and, regardless of appellee's characterization of them, neither part was a storage room within the meaning of the policy.[4]

■ The evidence shows that all of the destroyed articles were outside of storage rooms, vaults and safes when destroyed. Therefore, prior to the payment of the $8,200 mentioned above, appellant was liable under the policy for $10,000, with interest from May 9, 1944, and no more. After that payment, appellant was liable for a balance of $1,800, with interest as aforesaid. The answer admitted that appellant was liable for $1,800, but, in a so-called counterclaim for interpleader, alleged that Harbin, McClure, Ray, Riggs and Smith were claiming to be entitled to, and had demanded, payment from appellant under the policy, and that appellant was therefore in doubt as to who was entitled to the $1,800. These allegations were denied and not proved.

■ Appellant did not, in its so-called counter-claim for interpleader, set up any matter entitling it to proceed under § 24(26) (e) of the Judicial Code, 28 U.S.C.A. § 41(26) (e), or under Rule 22(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It did, however, obtain an order making Harbin, McClure, Ray, Riggs and Smith third-party defendants.[5] They were served with process, but defaulted. The judgment declares that they are barred and enjoined from asserting any claim against appellant or appellee "for any loss suffered from the loss of furs, fur coats or articles trimmed with furs, in that certain fire in the Barnes-Woodin Fur Department[6] on May 9, 1944." That part of the judgment is not challenged here.

■ Appellant's brief states that, prior to the trial, it "served upon appellee an offer of judgment in said sum [of $1,800], which was not accepted." The brief does not state that the offer was served more than 10 days before the trial began.[7] The record does not show that it was served at all. Appellee was therefore entitled to his costs in the District Court.

The judgment is modified by reducing the principal amount thereof to $1,800 and, as thus modified, is affirmed; appellant to recover its costs on appeal.

---

[3] Some of the destroyed articles were on the racks when destroyed.

[4] Cf. Goodyear Tire & Rubber Co. v. Northern Assurance Co., 2 Cir., 92 F. 2d 70; Crosby v. City Council, 108 Ala. 498, 18 So. 723; Edwards v. City of Los Angeles, 48 Cal.App.2d 62, 119 P.2d 370; Williams v. Grier, 196 Ga. 327, 26 S.E. 2d 698; Bentley v. Taylor, 81 Iowa 306, 47 N.W. 58; Michaels v. Fidelity & Casualty Co., 128 Mo.App. 18, 105 S.W. 783; Strell v. Zisman, 5 N.J.Misc. 427, 136 A. 801; Tres Ritos Ranch Co. v. Abbott, 44 N.M. 556, 105 P.2d 1070, 130 A.L.R. 963; Monument Garage Corp. v. Levy, 266 N.Y. 339, 194 N.E. 848; Hanover Fire Ins. Co. v. Eisman, 45 Okl. 639, 146 P. 214, Ann.Cas.1918D, 288; Town of Newberry v. Dorrah, 105 S.C. 28, 89 S.E. 402; Featherstone v. Dessert, 173 Wash. 264, 22 P.2d 1050.

[5] See Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[6] See footnote 1.

[7] See Rule 68 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.