EDWARDS v. WESSINGER.

1. DAMAGES—ASSAULT AND BATTERY.—That there has been a prosecution in criminal Court cannot be given in mitigation of damages in action for damages for assault and battery.

2. CHARGE—REQUEST.—Circuit Judge is not required to charge request in exact words, nor if it be covered in general charge.

3. TORT—HUSBAND AND WIFE—COERCION—PRESUMPTION.—If a wife commit a tort in the presence of her husband, it will be presumed that she was coerced by him to do it, and he alone is liable, but if

11—65

she is not coerced by him, and acts independently of him, she is liable. Doctrine fully stated.

4. REHEARING refused.

Before WATTS, Lexington, February term, 1901. Affirmed.

Action by Myrtle Edwards against Vastine Wessinger and Elizabeth Wessinger. From judgment for plaintiff, defendants appeal.

*Mr. G. T. Graham,* for appellants, cites: *Testimony responsive to allegations allowed to remain in pleading admissible:* 39 S. E. R., 529. *Ruling and charge of Judge contrary to Con.:* 29 S. E. R., 206; 49 S. C., 497; 47 S. C., 488; 49 S. C., 294, 558. *Duty of Judge to tell the jury what are actual and what punitive damages:* 39 S. E. R., 358; 40 S. E. R., 816. *As to charge with reference to tort by husband and wife:* 1 McC., *578; 2 Bail., 412; 10 Ency. P. & P., 268.

*Messrs. Efird & Dreher,* also for appellant, cite: *Court must instruct jury what elements make up damages:* 42 S. C., 402. *Upon liability of husband and wife for tort:* 29 S. C., 112; 39 S. C., 556; 15 Ency., 2 ed., 895.

*Messrs. E. McC. Clarkson* and *Andrew Crawford,* contra, cite: *Acquittal under prosecution cannot be pleaded in mitigation in civil action on tort:* Code of Civil Proc., 7; Cool. on Torts, 87, 88, 89; 14 S. C., 351; 17 S. C., 65; 8 Rich., 144; 8 Waite's A. & D., 1166, 404-5, 108; 2 McM., *747; 8 Rich., 144; 9 Rich., 426. *If law applicable to case be substantially charged, there is no error in absence of request:* 59 S. C., 104, 162; 62 S. C., 252, 334; 54 S. C., 505. *Definition of kinds of damages sufficient:* 9 Rich., 426; 21 S. C., 599; 35 S. C., 493; 60 S. C., 74. *Charge must be construed as whole:* 42 S. C., 175. *As to liability of husband and wife for tort:* 15 Maine, 106; 1 Bish. Crim. L., 362; 4 Cen. Rep., 322; 115 Pa., 534; 2 New England R., 788; 88 Vt., 358; 59·

Maine, 298; 60 Maine, 227; 15 Gray., 535; 49 N. H., 314; Cooley on Torts, 115-116; 5 R. I., 299; 51 Maine, 308; 121 Mass., 258; 38 N. Y., 178; 29 S. C., 112; 39 S. C., 555; 9 Ency., 824.

The opinion in this case was filed January 19, 1903, but remittitur held up on petition for rehearing until

February 9, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, in which the plaintiff alleges that: "On or about the 2d day of September, 1900, at plaintiff's home in the County of Lexington, in the State aforesaid, the defendants, coming together and aiding and abetting each other, wrongfully and unlawfully entered upon the premises aforesaid and upon the back piazza of the residence thereon, and then and there did beat and bruise, wound and ill treat this plaintiff, and did, in a brutal manner, deliberately and repeatedly strike this plaintiff over the head with a heavy stick or club, and did seize and pull her hair, and drag and pull her about and over said piazza and premises, and did repeatedly strike her with clenched fists in and upon the head, while two boys accompanying said defendants upon their preconceived and prearranged design to commit said trespass and assault and battery, did stand at the side of said defendants with open knives in hand, and while she was being abused and villified and denounced by said defendants; whereby the plaintiff was humiliated and degraded and imposed upon, and whereby she suffered great nervous shock, and whereby she was injured in her person and rights to her damage $10,000."

The defendants answered, denying generally the allegations of the complaint and interposing as a defense in mitigation of damages: "That on or about the 4th day of September, 1900, the plaintiff swore out a warrant before H. A. Meetze, a magistrate of said county, charging the defendants and their son, Chalmers Wessinger, with an

assault and battery and riot, on the 2d day of September, 1900, as alleged in the said complaint, and undertook to bind over the above named defendants; but said case having been transferred to Magistrate Corley, and a preliminary examination being had on the 22d day of September, 1900, the said magistrate, after taking the testimony of the witnesses for the prosecution in said case, did adjudge that said case was triable by a magistrate; and thereafter, on the 13th day of October, 1900, upon the trial of said case, the said magistrate did discharge and acquit the defendants of the said charge." They also alleged that at the time of the alleged assault and battery, the defendant, Elizabeth Wessinger, was, and still is, the wife of the defendant, Vastine Wessinger. The jury rendered a verdict in favor of the plaintiff for $1,500.

The appellant's first exception assigns error: "In that the presiding Judge erred in the recipiency of the testimony in regard to the result of a trial of issues raised in the case in a magistrate's Court on the criminal side, when objection was made to the reception of oral evidence thereof, by saying that, 'I don't think it amounts to a row of pins one way or the other, but I will let it come out;' thereby impressing upon the minds of the jury that the result of trial could have no effect in this, and the error was: That he thereby gave the jury his impression of the evidence and induced them to believe that the same was of no value and force; whereas, it is respectfully submitted that the evidence was of value and force, not as a bar to this action, but in mitigation of damages." Section 7 of the Code is as follows: "Where the violation of the right admits of both a civil and a criminal remedy, the right to prosecute the one is not merged in the other." In the case of *Wolff* v. *Cohen,* 8 Rich., 145, which was an action for assault and battery, the Court, in considering an exception assigning error on the part of the Circuit Judge, in charging the jury that they could not consider the criminal prosecution and the consequent punishment of the defendants as circumstances in

mitigation of damages, thus stated the rule: "The indictment and civil action are prosecuted for the same trespass but not by the same parties. One is an offense against society, the other is a private wrong. The State punishes for a breach of public peace; the individual recovers damages for the injury of his person, and where the compensation is beyond the actual loss, it may operate, incidentally, as a penalty, but not as a cumulative remedy. If the punishment of the offenders should be permitted to influence the jury in their estimate of damages, the private remedy which the law gives to the injured party would be adjudged. When the prosecutor receives a part of the pecuniary penalty, it has been held that his damages should be nominal (*Jackson* v. *Bell,* 3 Carr & Payne, 316) ; but in this State he is entitled to none of the penalty, and is not restrained from prosecuting both the indictment and civil action together. In *Cook* v. *Ellis* (6 Hill, 465), the Court did not regard the probable or actual punishment of the defendant by indictment in an action for damages. The parties, the nature of the offense and the remedies are different; and where circumstances of aggravation call for vindictive and punitory damages, the range of the jury's discretion should not be narrowed by the sentence of the Court." The rule prevails with even stronger force in this case, as the parties were *acquitted* before the magistrate.

The second exception is as follows: "2. That the presiding Judge erred in his charge to the jury: (a) In that his Honor, by instructing the jury, 'If you think she is entitled to damages, you can find from one cent to $10,000, that is a matter exclusively for you;' the error being that the jury was not instructed as to whether they should give actual or vindictive damages, or both, and in failing to define these different kinds of damages. (b) That his Honor erred in instructing the jury as follows: 'The law presumes in a case of this sort, that if the wife committed an offense of this kind in the presence of her husband, that she is coerced to it, forced by him to do it; that's the presumption, but it can be rebutted by testimony, and where in the trial of a cause like

this, if the testimony satisfies the jury that if the husband were present and the wife were the better man of the two, as it were, acting independently, acted on her own free will, according to her own volition, that presumption is dissipated, and a verdict could be found against her the same as against her husband. But if the wife commits an offense in the presence of her husband and he instigates her to do it, and she is acting under his direction, the law presumes her to be coerced, and in a case of that sort she is not responsible for the .commission of a misdemeanor in the presence of her husband. But if a man and a wife go to a place together, or meet a party on the street, and they commit an assault, and the wife acts independently of her husband, acts on her own volition, and the husband does not coerce her, does not instigate her, but she acts freely and voluntarily, then she would be as much liable for the commission of the misdemeanor as if her husband was not present. If you are satisfied in this case that both the defendants committed an assault and battery upon the person of the plaintiff, and they did it without legal justification .or excuse, and that the wife was not coerced by her husband, not commanded or instigated by him to do it, but that she acted of her own free will, according to her own volition, acted independent of him, was not ordered by him and was not afraid of him, but acted just the same as if he were not there, then she would be as much liable as he; if both committed the assault, without legal justification or excuse upon the person of the plaintiff, you will give such damage proportionate to the injury sustained as in your opinion you think the plaintiff is entitled. If you think the defendant did not commit an assault and battery, or if you think they acted in self-defense, then your verdict would necessarily be for the defendants; or if you think Mrs. Wessinger committed an assault, and that she was coerced by her husband to do it, and her husband took a hand in it, your verdict would be against the husband only. If you think they acted together, and she acted independent of him, on her own accord, her own volition, your verdict would be against

both. * * * The defendants have requested me to charge you
the following proposition of law: "The jury is charged, if
they find the defendant, Elizabeth Wessinger, committed a
tort by assaulting and striking the plaintiff in the presence
of her husband, I. V. Wessinger, or at his instigation, then
the defendant, I. V. Wessinger, alone would be responsible
for it; and the jury under such circumstances could not hold
her responsible for the tort." I charge you that a little dif-
ferently from what is laid down here. I charge you this:
"The jury is charged that, if they find the defendant, Eliza-
beth Wessinger, committed a tort by assaulting and striking
the plaintiff, in the presence of her husband, I. V. Wessinger,
at his instigation, then the defendant, I. V. Wessinger, alone
would be responsible for it, and the jury under such circum-
stances could not hold her responsible for the tort." Strike
out the word "or," and I charge you that.' The error being
that his Honor first laid down the doctrine correctly that the
mere presence of the husband with the wife during the com-
mitment of an assault and battery raised the presumption of
coercion on the part of the husband, and then modified the
doctrine by instructing the jury that the husband alone is
responsible only in those cases where he instigated and com-
manded the commission of the offense by the wife; thereby
instructing the jury that they could not find against the
husband only and for the wife in those instances where the
husband was simply present and coercion would be pre-
sumed; and this idea he impressed upon the jury more clearly
by the modification of the defendants' request as above set
forth."

The assignment of error marked "(a)," seems to have
been taken under misapprehension, as the record shows that
the presiding Judge charged the jury as follows: "By vindic-
tive damages we mean wherever there has been a wilful inva-
sion of the rights of another party, does it wilfully and reck-
lessly, runs over them in a high-handed, outrageous manner,
juries in a case of that sort can charge not only such dam-

ages as the person actually sustained, but such damages in the way of punishing."

We will next consider the assignment of error marked (b). The trial Judge is not bound to charge the jury in the exact words of the request, nor is he bound to charge a request when the proposition of law therein stated is approvingly submitted to the jury in his general charge.

If it was the intention of the defendants in submitting the request that his Honor should charge the jury the proposition of law, that the mere presence of the husband, during the commitment of an assault and battery, raised the presumption of coercion on the part of the husband, then it was wholly unnecessary, as the presiding Judge in his exceedingly able and lucid charge stated such to be the law. But if they intended to submit the proposition that if the wife committed the assault and battery in the .presence of her husband, that he alone would be responsible for it, although there was no coercion on his part, and she acted independently of him, then it was erroneous. The request as modified contained a sound proposition of law, for it simply made the husband alone responsible if the wife committed the assault and battery at his instigation. The charge of the Circuit Judge is fully sustained by the case of *Henderson* v. *Wendler,* 39 S. C., 555, in which the Court says : "Exceptions 3, 4, 5 and 6 make the point that a married woman cannot be made liable for tort committed in the presence of her husband, without proof showing that she acted voluntarily and wilfully. The doctrine upon the subject of the liability of the husband for the tort of the wife committed in his presence is truly stated in the case of *State* v. *Houston,* 29 S. C., 112, as follows : 'In the case of *State* v. *Parkerson,* 1 Strob., 170, Judge Withers, in delivering the opinion of the Court, said : "It is a mistake to affirm that a wife may not be indicted, convicted and punished in conjunction with her husband. While it is true, that if she committed a bare theft, or even a burglary, by the coercion of her husband, she

will not suffer punishment; and while it is also laid down that coercion is to be presumed from his presence, still it is quite clear that this is only one of those presumptions or inferences classed as *prima facie,* that may be rebutted by testimony, and hence presents a question for the jury, etc." From this it appears that in this State the question of coercion is an open one.' " The Court then quotes with approval the following from vol. 9, A. & E. Enc. of Law, 824, as follows: "(1) If the tort is committed in the presence of the husband and nothing more appears, it is his sole tort, as the wife is considered to have acted under his coercion. (2) If the tort is committed in his presence, but she appears to have acted deliberately and freely, it is their joint tort. (3) If the tort is committed in his presence and against his will, it is her tort, and he is liable with her. (4) If the tort is committed out of his presence but by his direction, she is jointly liable with him. (5) If the tort is committed out of his presence and without his knowledge or consent, he is liable with her."

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Petition for rehearing was refused by formal order filed February 9, 1903.