7881

STATE v. FANT.

1. PLEADING.—AN INDICTMENT charging an unlawful storing and keeping of contraband liquors in the language of the statute creating the offense, is sufficient.

2. CONSTITUTIONAL LAW—STATUTES—LIQUORS.—The title of the act of 1909, 26 Stat., 60, prohibiting the manufacture, sale, barter, etc., of liquors is broad enough to cover the provisions in the body against storing and keeping in possession, which are germane to the purposes declared in the title.

3. IBID.—INTERSTATE COMMERCE.—Whether the statute prohibiting keeping in possession of liquors for unlawful use violates the interstate commerce clause of the Federal Constitution will not be considered, unless there be something to show the liquors in question were under the protection of interstate commerce.

4. LIQUORS—ISSUES.—Testimony here is sufficient to send to the jury the issue of unlawful keeping and storing liquors.

5. REHEARING refused.

Before GAGE, J., Anderson, —————. Affirmed.

Indictment against A. B. Fant. Defendant appeals.

*Mr. A. H. Dagnall,* for appellant, cites: *Indictment should allege the liquor was stored and kept for unlawful use:* 11 Ency. P. & P. 568; 23 Cyc. 240; 32 S. C. 123; 84 S. C. 543. *The statute contravenes the State and Federal Constitutions:* 68 S. C. 148. *The acts must be shown to be within the terms of the act:* 23 Cyc. 172; 87 S. C. 442.

*Mr. G. Cullen Sullivan,* representing *Solicitor P. A. Bonham.* Oral argument.

April 25, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Defendant was convicted and sentenced upon an indictment under the dispensary law of 1909, 26 Stat. 60, charging that on September 3, 1910, at Anderson, S. C., he "wilfully and unlawfully did store and keep in possession contraband, spirituous liquors containing alcohol and used as a beverage against the form of the statute, * * *."

Defendant demurred to the indictment: (1) On the ground that it alleges no offense, in that it is not charged that the liquors were stored and kept by defendant for an unlawful use, and for what use; (2) because the act of 1909 is unconstitutional, being in violation of section 17, article III, of the Constitution of South Carolina, providing: "Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title;" (3) because said act is in contravention of the interstate commerce clause of the United States Constitution, article I, section 8. These objections are renewed here by the exceptions to the refusal of the Court to quash the indictment.

We think the indictment was sufficient, as it charged an unlawful storing and keeping in possession of contraband liquors in the language of the statute creating the offense. The State was required to show that the liquors were stored or kept for an unlawful purpose.

The title of the statute, "An act to prohibit the manufacture, sale, barter, exchange, giving away to induce trade, the furnishing at public places or otherwise disposing of alcohol, spirituous, vinous or malt liquors, etc.," is broad enough to cover the prohibition in the body of the statute of storing and keeping in possession.

The prevention of storing and keeping in possession of contraband liquors is germane to the purposes declared in the title. *State* v. *O'Day,* 74 S. C. 448, 54 S. E. 607.

The question whether the statute violates the interstate commerce clause of the Federal Constitution cannot avail in this case, as there is nothing to show that the liquors in question were under the protection of interstate commerce.

Contention is made that a verdict of not guilty should have been directed because there was no evidence tending to establish that the liquors were kept for an unlawful use. The testimony was to the effect that defendant was keeping a restaurant; that when the officer appeared a man was seen to run out with several bottles of liquor; that a package was found containing twelve pint bottles of liquor addressed to a negro in the employ of defendant; that thirty or more bottles of liquor were discovered, some in the lard can, some in the meal tub and some in the slop tub in the restaurant, and defendant could give no explanation, except that he did keep six bottles in the lard can for his personal use. It was proper to submit the question to the jury. For the same reason there was no error in refusing the motion for a new trial based on the ground that there was no evidence on which to base a conviction.

Reading the charge as a whole it is very clear that the issues were properly submitted to the jury, with instructions to acquit unless satisfied beyond a reasonable doubt that such liquors were stored and kept in possession for an unlawful purpose, and there was no violation of the rule prohibiting charging as to the facts; hence the exception to the charge must be overruled.

The judgment of the Circuit Court is affirmed.

Petition for rehearing was refused by formal order of date May 4, 1911.