## 9733

### STATE v. TOOLEY *ET AL.*

(93 S. E. 132.)

1. INTOXICATING LIQUORS—OFFENSES—STORING—EVIDENCE.—In a prosecution for storing alcoholic liquors, the Court may not infer as matter of law that the discovery of a very small quantity of liquor in defendant's safe on three separate occasions within a period of six months did not amount to storing.

2. INTOXICATING LIQUORS — UNLAWFUL STORING — INTENT. — The chief element in the offense of storing alcoholic liquors is the unlawfulness of the storing, the intent of him who has the liquor.

3. INTOXICATING LIQUORS—UNLAWFUL STORING—QUANTITY.—If defendant's act in storing liquors be unlawful, a Court will not measure with nicety the quantity defendant had in his safe.

4. INTOXICATING LIQUORS — UNLAWFUL STORING — PUNISHMENT OF IMPRISONMENT — STATUTE.—Act Feb. 19, 1916 (29 St. at Large, p. 704), limiting the punishment of the Court to imprisonment for all persons who violate any of the provisions of any law of the State relating to or regulating the sale of intoxicating liquors, does not apply merely to sales, but to unlawful storing as well.

5. INTOXICATING LIQUORS—UNLAWFUL STORING—PUNISHMENT—STATUTE.—Under Cr. Code 1912, sec. 839, providing that on conviction for violation of any provision of the chapter, where punishment is not provided for, the person shall be fined or imprisoned at hard labor, in the discretion of the Court, since act Feb. 19, 1916 (29 St. at Large, p. 704), provides no penalty for the unlawful storing of intoxicants, the Court is empowered in its discretion either to fine or imprison a person found guilty of the offense.

Before MOORE, J., Greenville, ——, 1916. Affirmed.

W. R. Tooley and Fleet Cantrell were convicted of storing alcoholic liquors, and they appeal.

The exceptions follow:

1. That his Honor erred in overruling defendants' motion for a new trial upon the ground that the evidence was not sufficient to support a conviction of storing, it being submitted that the evidence disclosed that on three occasions

FOOTNOTE.—See *State* v. *Freeman, post.*

during the period of six months only a very small quantity of liquor was found on defendant's premises, and the jury should have acquitted the defendants on the charge of selling and keeping a place where persons were allowed to resort showed that there was no unlawful purpose in so storing.

2. That his Honor erred in giving the defendants a straight chain gang sentence; it being submitted that his sentence under this charge should have been in the alternative.

*Mr. James H. Price,* for appellants, cites: Act 1916, p. 704.

*Mr. Solicitor Martin,* for respondent.

July 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The indictment charged: (1) A sale of alcoholic liquors; (2) the maintenance of a nuisance where persons resorted to drink such liquors; and (3) the storing of such liquors. The verdict was, guilty of storing. The judgment was, service on the public works without the alternative of a fine.

There are two exceptions. Let them be reported.

1. We may not infer as a matter of law that the discovery of a very small quantity of liquor in the defendants' safe on three separate occasions within a period of six months did not amount to storing.

The law is directed at unlawful storing. The chief element of the wrong is the unlawfulness of the act, the intent of him who has the liquor.

If the act be unlawful, a Court will not measure with nicety the quantity the wrong-minded had in his safe. The

410                          STATE *v.* TOOLEY.

defendant, Tooley, admitted "that he frequently kept a small quantity of whiskey at his place of business for his personal use." Had the keeping been really for personal use, the defendant would probably not have limited himself to a "small quantity." The jury was best able to infer from the circumstances, if that little was for the proprietor, or for his customers.

2. The Courts have, under the Constitution, "power, in their discretion, to impose sentence of labor upon highways, streets and other public works, upon persons by them sentenced to imprisonment." Const, art. V, sec. 33. Did the Court have the power to sentence the defendants to imprisonment, without the alternative of a fine?

The act of 1916 (29 Stats. 704) undertakes to limit the punishment of the Court to imprisonment, for all "persons who violate any of the provisions of any law of this State (1) prohibiting, (2) relating to, or (3) regulating the sale of intoxicating liquors." The numerals are supplied. The appellant's suggestion is that this act applies to sales only. Such a construction of the act is too narrow. The law which prohibits the unlawful storing of alcoholic liquors is both one relating to and on regulating the sale of liquors. Unlawful storing is the bud which will bloom into unlawful selling.

3. But aside from that, if the act of 1916 provides no penalty for storing, and that is the real contention, then section 839 of the Criminal Code meets the instant case. That section reads: *"Punishment for Violations of Law in Cases Not Specifically Prescribed.*—Upon a conviction of any person for the violation of any provision of this chapter, where punishment is not provided for, such person shall be fined or imprisoned at hard labor, in the discretion of the Court: *Provided,* The fine shall not be less than one hundred dollars, and the imprisonment not less than three months."

Thereby the Court is empowered in its discretion either to fine or to imprison, in those cases where no punishment is provided for.

Both exceptions are overruled, and the judgment below is affirmed.