## 9743

STATE v. FREEMAN.

(93 S. E. 18.)

INTOXICATING LIQUORS — "STORING" — "KEEPING IN POSSESSION." — The offense of storing and keeping in possession contraband liquors was not committed by receiving such liquors from a boat and having them in possession, but a moment before they were seized, since "storing" means laying away for future use and "keeping in possession" means to have habitually in possession.

Before PEURIFOY, J., Beaufort, July, 1916.    Reversed.

Ella Freeman was convicted of storing and keeping in possession contraband liquors, and she appeals.

*Messrs. Talbird & Jenkins,* for appellant, cite: 63 S. C. 102; 89 S. C. 132.

*Mr. W. J. Thomas,* for respondent.

July 7, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was charged with storing and keeping in possession contraband spirituous liquors, malt liquors and brewed liquors, containing alcohol and used as a beverage.

---

FOOTNOTE.—See *State* v. *Tooley, ante.*

The appellant lives at Ft. Fremont, in Beaufort county. It seems that appellant was expecting some freight from Savannah, Ga., and went to the boat "Pilot Boy" and demanded the box and barrel, claiming that they contained groceries. A rural policeman was on the boat, and suspected that the box and barrel contained contraband liquor. As soon as the box and barrel were put ashore the policeman asked appellant if the box and barrel belonged to her. She said "Yes." The policeman at once seized the box and barrel and opened them and found that they did contain spirituous liquor. The stuff was seized, and the appellant arrested, tried and convicted of storing and keeping in possession contraband liquor. Appellant made a motion for a direction of a verdict on the ground that there was no evidence of storing or keeping in possession. The motion was refused, and from the judgment upon conviction, this appeal was taken.

The only question that legitimately arises is: Was there any evidence to sustain a conviction on the facts as they appear in the record? That question is answered in the negative by the case of *Easley Town Council* v. *Pegg,* 63 S. C. 103, 41 S. E. 19:

"We think the offense of storing and keeping in possession of contraband liquors involves more than the mere having in possession of such liquors. 'Storing' means, as stated in the request, the laying away for future use; keeping in possession means to have habitually in possession. The Century Dictionary gives among the definitions of 'keep,' the following: '8. To have habitually in stock or for sale. 9. To have habitually in attendance or use. * * * 19. To maintain habitually.' The offense of storing and keeping in possession contraband liquors involves the idea of continuity or habit. It may be that proof of having in possession any quanty of contraband liquor would be sufficient to convict of the offense if the circumstances were such as to induce a belief that the liquor was stored and kept in posses-

sion habitually.    It was, therefore, error to overrule defendant's fourth exception to the intendant's refusal to charge as requested."

In this case the possession was but for a moment, if at all, and it certainly was not stored at all.

The judgment is reversed, and the case is remanded to the Court of General Sessions for Beaufort county for a dismissal of the case.