## 10297

### STATE v. TWIGGS

#### (101 S. E., 663)

1. Intoxicating Liquors—Conviction of Unlawful Transportation Sustained by Evidence.—Evidence held sufficient to sustain a conviction of having in possession and unlawfully transporting contraband liquor.

2. Intoxicating Liquors—Burden of Proof on Accused in Possession of Illegal Quantities of Liquor.—Where a person is found in possession of more whiskey than the law allows him to have, the burden is upon him to show that he procured it lawfully.

Note: This case seems to have been overlooked.

2. INTOXICATING LIQUORS—ACTUAL KNOWLEDGE BY PERSON TRANSPORT-
ING LIQUOR UNNECESSARY.—In order to convict one of having in pos-
session and transporting contraband liquor, a conviction can be had
of one found carrying a suitcase containing more than a quart of
whiskey, although he had no actual knowledge that the suitcase con-
tained liquor, where the facts and circumstances were such as in
reason ought to have conveyed knowledge to the mind of a man of
ordinary intelligence.

Before RICE, J., Allendale, June, 1919.    Affirmed.

Arthur Twiggs, convicted for violation of the law as to
alcoholic liquors, and appeals.

*Mr. R. P. Searson* for appellant.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Indict-
ment under Act of* 1917, p. 69. *Suspicious circumstances
are for the jury:* 80 S. C., 383. *Burden on person in pos-
session of unlawful whiskey to prove how he came into
possession:* 38 S. C., 257.

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Appellant was convicted of having in his possession and
transporting contraband liquor. When arrested he had
in his possession a suitcase, which had 18 pints of whiskey
in it.

He testified that neither the suitcase nor the liquor be-
longed to him, and that he did not know the suitcase had
liquor in it until it was opened by the officer who arrested
him. He sought to explain his possession of it by saying
that he had merely taken it off the train at Baldoc at the
request of Alec Badger, a fellow passenger; that Badger
got off when the train stopped at a water tank, where he had
a store several hundred yards from the station, and asked
him to take the suitcase off at the station; that when he got
off with it he saw some men standing around, and, instead
of setting it down at the station for Badger to come and
get it, he carried it some distance from the station and put

it in his (defendant's) buggy, and was expecting Badger to come and get it.

Badger testified that the suitcase and liquor did not belong to him, but that it had been put on the train at Allendale by one Sam Cato, who asked him to set it off at Baldoc, though Cato himself did not get on the train; that he suspected that it contained liquor, and asked defendant to get it off at the station, but without telling defendant of his suspicion. Nevertheless, Badger, who was indicted along with defendant, pleaded guilty.

The State's testimony tended to prove that when defendant was arrested he was several hundred yards from the station, and was driving towards his own home, which was in the opposite direction from Badger's store.

1   We think the testimony warranted the inference that defendant knew the suitcase contained liquor.

There was, therefore, no error in the rulings of the Court as to the sufficiency of the evidence to convict.

2   Nor was there error in instructing the jury that where a person is found in possession of more whiskey than the law allows him to have, the burden is upon him to show that he procured it lawfully.

The Statute says: "It shall be unlawful for any person * * * to receive, store, keep or have in possession or to ship, transport or convey any alcoholic liquors * * * except as hereinafter provided." Act February 24, 1917 (30 Stat. at Large, p. 69).

It then provides the manner in which one quart a month may be procured and kept. The rule in such cases is that a defendant must bring himself within the exception. For instance, where the statute prohibits sale without a license, and defendant is charged with selling without license the State makes out a *prima facie* case by proving the sale, and the burden is on the defendant to prove, by way of defense, that he had a license. *State v. Williams,* 35 S. C., 344; 14 S. E., 819, and cases cited.

The Court instructed the jury :

"If he had more than a quart in his possession, and it was illegally procured, and he knew, or ought to have known, under the circumstances which I have explained to you that he had more than a quart of whiskey, then he would be guilty of having in his possession more than a quart."

Error is imputed to the Court in using words "or ought to have known," it being contended that the Court thereby enlarged the term of the Statute which denounces one who "shall knowingly transport," etc. It is not required that knowledge shall be actual and positive. If the facts and circumstances are such as in reason ought to convey knowledge to the mind of a man of ordinary intelligence, then knowledge may be imputed to him for no one can be allowed to shut his eyes to the truth and plead ignorance of it. *State v. Johnson,* 20 S. C., 387.

Judgment affirmed.