## 11885

### STATE v. DURHAM

### (130 S. E., 885)

INTOXICATING LIQUORS—REFUSAL TO DIRECT VERDICT FOR ACCUSED HELD PROPER.—In prosecution for possession of liquor, refusal to direct verdict *held* proper, where accused offered no testimony that he had liquor for medicinal purposes within Cr. Code 1922, § 861.

Before ANSEL, J., Greenville, October, 1925. Affirmed.

Jim Durham was convicted of unlawful possession of intoxicating liquor, and he appeals.

Defendant's exceptions are as follows:

I. That his Honor erred in refusing defendant's motion for a directed verdict of not guilty on the ground that, under what is known as the "quart a month law" of South Carolina, the defendant was allowed to have as much as one quart of liquor per calendar month, and, said law being still in force in this State, and the evidence showing that defendant had only one pint in his home, the defendant was entitled to a directed verdict of not guilty.

II. That his Honor erred in refusing the motion for a new trial, because evidence shows the amount of liquor found in the home of defendant was one pint, and, the law allowing defendant one quart a month never having been repealed by our Legislature, it is still the law of this State, and the defendant's motion for a directed verdict of not guilty should have been granted.

III. That his Honor was in error in refusing the motion for a new trial, because, under Section 861 of the Criminal Code of 1922, the defendant was allowed to order, receive, or transport as much as one quart of alcoholic liquors containing not more than 50 per centum by volume of alcohol within any one calendar month, for medicinal purposes, and for the use of his family, and, there being no evidence that said liquor was had and received contrary to said statute, the defendant is entitled to a new trial.

*Messrs. Bowen & Bryson,* for appellant, cite: *Liquor for medical purposes:* Crim. Code, 1922, Sec. 861. *Method for importation of liquor:* Crim. Code, 1922, Sec. 869. *Right to purchase implies right to keep in possession:* 107 S. C., 541; 93 S. E., 194.

*Mr. Dakyns B. Stover, County Solicitor,* for respondent.

December 14, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The defendant appellant was tried and convicted on October 5, 1925, in the County Court before Hon. M. F. Ansel, County Judge, and a jury on a charge of violation of the prohibition law; convicted on the third count, which was as follows: 'And the jurors aforesaid upon their oath aforesaid, do further present that the said Jim Durham, at Greenville, in the County of Greenville, in the State aforesaid, on the 9th day of August, in the year of our Lord one thousand nine hundred twenty-five, did willfully and unlawfully receive, accept and have in his possession, spirituous, vinous, fermented, or malt liquors or beverages, containing more than 1 per cent. of alcohol, and used as a beverage, against the form of the statute in such case made and provided, and against the peace and dignity of the State'; and sentenced to three months at hard labor on the public works of Greenville County, or a like period in the state peniten-

tiary. Notice of intention to appeal to the Supreme Court was duly served upon the Solicitor, and the defendant admitted to bail."

The exceptions, three in number, complain of error on the part of his Honor in not directing a verdict at the close of the testimony. The defense offered no testimony.

The exceptions must be overruled, as there was no evidence on the part of the defendant that he in any manner had the liquor in his possession for medicinal purposes, so as to comply with Section 861 of the Code of 1922, Vol. 2, which is as follows:

"Any natural person over the age of twenty-one years, except as hereinafter forbidden, may order and receive or transport in his personal baggage from any point without the State not exceeding one quart of alcoholic liquors containing not more than 50 per centum by volume of alcohol within any one calendar month, for medicinal purposes for his or her own use, or the use of his or her immediate family, and not more than one gallon of wine for religious purposes."

Affirmed.

MESSRS. JUSTICES COTHRAN and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.