## 11927

### STATE v. SMITH

#### (131 S. E., 767)

INTOXICATING LIQUORS.—Evidence *held* insufficient to support verdict of violation of prohibition law.

Before SEASE, J., Spartanburg, 1925.

Jule Smith was convicted of violating the prohibition law,

and he appeals. Sentence set aside, and proceedings dismissed.

*Mr. L. G. Southard,* for appellant, cites: *Liability of wife for criminal act in presence of husband, or in his absence:* 1 Strob., 170; 1 McC., 573; 1 McC., 355; 29 S. C., 108.

*Mr. I. C. Blackwood,* Solicitor, for the State.

March 2, 1926.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains the following statement and exceptions:

The defendant-appellant was tried before a jury and his Honor, T. S. Sease, Judge, in the Sessions Court for Spartanburg County, on the charge of violating the prohibition laws of South Carolina. The appeal to this Court makes the single question as to whether or not the Circuit Judge was in error in refusing to direct a verdict of not guilty. There are no facts in dispute. Some time about the middle of January, this year, Mr. W. R. White, a Rural Policeman of this County, searched the home of the defendant-appellant. He searched it in the afternoon about 5 o'clock. At that time the defendant-appellant lived about one-half mile from where he was at work. He was a fireman, working for the Lyman Manufacturing Company. He had been away from his home since early in the morning, and was at his work when the officer searched his home and thereafter arrested him. The defendant's wife, who lived with him, was at the home when the search was made. A part of a bottle of whiskey was found in the bureau drawer. The defendant's wife stated to the officer that it was her whiskey; that she had procured it, and had it because she had been sick with influenza. The officer further testified that there were one or two jugs in the house which had an odor of whiskey, which the defendant's wife told them that she had had vinegar in. The defendant, when arrested, was at his

work. He disclaimed all knowledge of the whiskey; and that he knew nothing whatsoever of the same; had never seen it. Now, this was the only testimony relied on by the State. It was all of the testimony in the case.

"At the close of the State's case, the defendant-appellant, through his attorney, L. G. Southard, made a motion for a directed verdict of not guilty, on the ground that the State had failed to make out a case against the defendant; that the testimony did not meet the test required by the law; that even though the facts were undisputed, still the facts and circumstances relied upon did not point to the guilt of the defendant, and, if they did so point, they did not point so conclusively as to exclude every other reasonable hypothesis inconsistent with his guilt; that there was no evidence here that this defendant violated any element of the prohibition law.

"The trial Judge overruled the motion and submitted the case to the jury. After argument, and after the charge, the jury retired and returned a verdict against the defendant, convicting him of storing whiskey, and accepting and receiving whiskey. Thereafter due and legal notice of intention to appeal to this honorable Court was filed, and the defendant does now appeal, and he asks that this Court reverse the same upon the following exceptions:

"Exception 1. That his Honor, Judge T. S. Sease, committed error in submitting this case to a jury for determination, when there was no testimony against the defendant that he had in anywise violated the prohibition laws, there being a total lack of evidence that the defendant had manufactured, sold, bartered, or exchanged for whiskey; that he ever stored any or transported any whiskey, or that he ever received any whiskey, or accepted any whiskey for unlawful use. In other words, there was a total lack of testimony that the defendant-appellant had ever violated any single element of the prohibition law.

"Exception 2. In that his Honor, Judge T. S. Sease,

committed error in refusing the defendant's motion for a directed verdict of not guilty, for the reason that the State relied on circumstantial evidence; that even though the jury believed all of the facts and circumstances testified to as true, the same, as a matter of law, did not point to the guilt of the defendant, but rather to the guilt of another; further that the facts and circumstances relied upon did not point to defendant's guilt with such certainty as to exclude every other reasonable hypothesis inconsistent with his guilt, and, this being as a matter of law, his Honor erred in refusing to direct a verdict of not guilty.

"Exception 3. In that his Honor, Judge T. S. Sease, erred in overruling the defendant's motion for a directed verdict, for the reason that the testimony relied upon by the State did not meet the test in a criminal case; there being no testimony that the defendant had anything to do with the whiskey, or knew of its existence. No one had seen him with it, and no element was made to appear where this defendant had ever in anywise violated the prohibition law, and his Honor erred when he refused to direct a verdict.

"Exception 4. That the verdict was absolutely contrary to the law and the evidence; that there was a total lack of testimony that the defendant had ever stored whiskey, or that he knew that the same was in the house in a bureau drawer, or that he had ever stored whiskey—no testimony of a continuity—and the verdict should be set aside.

"Exception 5. That the verdict was absolutely contrary to the law and the evidence, in that there was a total lack of testimony that this defendant had ever received any whiskey, or that he had ever accepted any for unlawful purposes, or that he had anything whatsoever to do with any receiving of whiskey, or acceptance."

It is only necessary to state that the verdict of the jury was not sustained by the testimony. *State v. Burns,* 133 S. C., 238; 130 S. E., 641. *State v. Durham,* 133 S. C., 289; 130 S. E., 885.

It is the judgment of this Court that the sentence imposed upon the defendant be set aside, and the proceedings dismissed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.