12771

STATE v. FOWLER

(150 S. E., 682)

*Messrs. John R. Bates,* and *John C. Henry,* for appellant,

*Solicitor D. B. Stover,* for the State.

December 2, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an appeal from a sentence of six months imposed upon defendant-appellant by County Court for Greenville county after trial and conviction by jury in said Court on June 24, 1929, on third and fourth counts of indictment charging him with violation of prohibition law; that is, having in possession and transporting whisky.

Exception 2 is because County Court erred in refusing new trial made on ground that there was no evidence to connect defendant with charge as written in indictment.

There is nothing in the evidence to show Fowler had any connection with the whisky in the way of ownership or transportation. Fowler very frankly admits that car was his, but

it was not incumbent upon him to make a statement about the liquor. He was arrested because he stated car was his.

In *State v. Twiggs,* 123 S. C., 47, 101 S. E., 663, the railway authorities were not arrested and charged with the possession and transportation of liquor which Twiggs took off the train in a suitcase, but Twiggs was arrested and convicted, and Twiggs' control and possession very strongly indicated that he was the owner, whereas Baker here appears in Twiggs' shoes.

In *State v. Atterberry,* 129 S. C., 464, 124 S. E., 648, Atterberry was riding with Devlin, under similar circumstances, and it was held that Devlin could not be held to have known the purposes of Atterberry.

In *State v. Owens,* 123 S. C., 486, 124 S. E., 337, several riding in Owens' car, stopped on account of tire trouble, officers came up, there was a smell of whisky, and some one threw out a package which officers found to be a fruit jar with whisky in it, and this Court held there was not sufficient evidence to warrant a conviction as to Owens.

In *State v. Smith,* 134 S. C., 72, 73, and 75, 131 S. E., 767, defendant's wife stated to officers that whisky found in bureau drawer of defendant's home was her whisky, and it was held: "It is only necessary to state that the verdict of the jury was not sustained by the testimony. *State v. Burns,* 133 S. C., 238, 130 S. E., 641; *State v. Durham,* 133 S. C., 289, 130 S. E., 885."

The facts and circumstances here were not such as in reason ought to have conveyed knowledge to the mind of Fowler, and knowledge may not be imputed to him, as was true in the *Twiggs case, supra.*

This exception is sustained. It is not necessary to consider other exceptions.

Judgment reversed.

MESSRS. JUSTICES COTHRAN and BLEASE concur.

MESSRS. JUSTICES STABLER and CARTER concur in result.