12394

STATE v. ATKINSON

(142 S. E., 62)

1. INTOXICATING LIQUORS—CHARGE THAT MERELY HAVING LIQUOR IN POSSESSION WAS VIOLATION OF LAW HELD NOT ERROR.—In prosecution for having unlawfully alcoholic liquors in possession, charge that merely having it in possession was violation of law *held* not error.

2. INTOXICATING LIQUORS—IN PROSECUTION FOR POSSESSING LIQUOR, COURT NEED NOT INSTRUCT AS TO LAW OF STORING OR KEEPING IN POSSESSION (CR. CODE 1922, § 860).—In prosecution for having unlawfully alcoholic liquors in possession, Court is not required to instruct jury as to law of storing or keeping in possession, or to

define and explain meaning of such terms, under Cr. Code 1922, § 860.

3. INTOXICATING LIQUORS—IN PROSECUTION FOR POSSESSING LIQUOR, IN-
STRUCTION THAT ANY AMOUNT IS CONTRABAND IF NOT OBTAINED OR
POSSESSED LAWFULLY HELD NOT ERROR.—In prosecution for having
unlawfully alcoholic liquors in possession, instruction that any
amount was contraband if not obtained or possessed in lawful man-
ner *held* not error, since, if act is unlawful, Court will not measure
with nicety quantity of liquors possessed as basis for determining
guilt.

Before MANN, J., Lee, Spring Term, 1927. Affirmed.

Ramsey Atkinson was convicted of possessing liquor, and he appeals.

*Mr. W. T. McGowan,* for appellant, cites: *Error to charge that "merely having in his possession was in viola-tion of the law":* 132 S. C., 238; 140 S. E., 97.

*Mr. Frank A. McLeod,* for respondent.

March 12, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Ramsey Atkinson, was charged with "having unlawfully in his possession certain alcoholic liq-uors," and was tried and convicted on this charge at the spring, 1927, term of the Court of General Sessions for Lee County. He appeals and imputes error.

The first exception is as follows:

1, 2 "That his Honor erred in charging the jury that 'merely having it in his possession was in violation of the law'—the error being that keeping in possession of con-traband liquors involves more than the mere having in pos-session of such liquors, and that the keeping in possession means to have habitually in possession, which error tended to influence the jury in their finding against the defendant."

The charge in the indictment upon which the appellant was tried and convicted, was not *storing* or *keeping in pos-*

*session* alcoholic liquors, but was *having* unlawfully such liquors in possession. Under this charge, the Court was not required to instruct the jury as to the law of storing or keeping or keeping in possession, or to define and explain the meaning of these terms, as no such issue was involved in the case. The cases cited by the appellant are therefore not in point. See Section 860 of the Criminal Code of 1922. *State v. Twiggs,* 123 S. C., 47; 101 S. E., 663.

The appellant's second exception is as follows:

3    "That his Honor erred in charging the jury as follows: 'Any amount is contraband if it is not obtained or possessed in the manner allowed by the statute law of this State, which I have just defined to you'—the error being that the jury was led to believe that the mere possession of alcoholic liquors, regardless of the amount or the continuity of possession, was in violation of the law and, therefore, prejudicial to the defendant."

This exception is without merit. "If the act be unlawful a Court will not measure with nicety the quantity" of alcoholic liquors found in the possession of the wrongdoer, as a basis for determining his guilt. See *State v. Tooley,* 107 S. C., 408; 93 S. E., 132.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.